IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JOHN E. MORRIS, )
)
        Plaintiff, ) TC-MD 140132N
)
      v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
        Defendant. ) **FINAL DECISION**

This Final Decision incorporates without change the court's Decision entered

November 14, 2014. The court did not receive a request for an award of costs and disbursements

within 14 days after its Decision was entered. *See* TCR-MD 19.

Plaintiff filed his Complaint on April 4, 2014, challenging Defendant's determination that

he was liable for unpaid withholding taxes for the third and fourth quarter of 2012. A trial by

telephone was held on October 6, 2014. Plaintiff appeared on his own behalf. Plaintiff and

Kurtis Shelton (Shelton) testified on behalf of Plaintiff. Joil Southwell (Southwell) appeared and

testified on behalf of Defendant. No exhibits were received from Plaintiff. Defendant's Exhibit

D was received without objection.

## I. STATEMENT OF FACTS

Plaintiff testified that he was employed by XS Cars and Trucks LLC (XS) until he was

"relieved of his duties" on October 13, 2012. Plaintiff testified that he was not an owner of the

company and that he was not a member of the limited liability company, but that he was "strictly

a manager." Plaintiff testified that his duties included managing the store and buying inventory.

Shelton testified that he was involved in the creation of XS but left the company about five to six

months later. Shelton testified that he maintained contact with the owner of XS, Steven Warkel

(Warkel), after leaving XS. Shelton testified that he sold inventory Warkel brought to him and gave the proceeds of the sale directly to Warkel. Shelton testified that Warkel drained the accounts of XS in October of 2012.

Southwell testified that Defendant determined that Plaintiff was a liable officer of XS. Southwell testified that Defendant had previously contacted Plaintiff regarding XS's quarterly withholding taxes for 2006 and 2007 and regarding an insufficient funds penalty in 2012. (*See* Def's Ex D at 1-7.) Southwell testified that Plaintiff was listed on XS's combined employer's registration. (*Id.* at 8.) On cross-examination Southwell testified that he could not verify if the social security number listed for Plaintiff on the combined employer's registration form was accurate. Southwell testified that Plaintiff's name and signature were on withholding tax reconciliation reports for 2008 through 2011. (*Id.* at 10-13.) Plaintiff testified that the signatures on the reports were not his and that the 2010 report listed "John Norris" as opposed to Plaintiff's name, John Morris. (*See id.* at 12.) Southwell also provided a copy of an XS check from 2009 that was signed by Plaintiff. (*Id.* at 16.) Southwell testified that Defendant relied on ORS 316.162, 316.167, and OAR 150-316.162(3) to determine that Plaintiff was liable for XS's withholding tax in the third and fourth quarters of 2012.

## II. ANALYSIS

The issue before the court is whether Plaintiff is personally liable as an employer for the XS's withholding tax in the third and fourth quarters of 2012. As the party seeking affirmative relief, Plaintiff has the burden of proof and must prove his case by a preponderance of the evidence. ORS 305.427.[1] A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue,* 4 OTR 302, 312 (1971).

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

ORS 316.167(1) places a requirement on employers "to deduct and retain" withholding tax on wages paid to employees "at the time of the payment of wages[.]" ORS 316.162(3)(b) states that an "employer" means "[a]n officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee or member is under a duty to perform the acts required of employers by ORS 316.167[.]" ORS 316.207(3) imposes liability on "any officer, employee or member described in ORS 316.162(3)(b)" for unpaid withholding tax.

The applicable administrative rule, OAR 150-316.162(3)(1), states that:

"To be held personally liable for unpaid withholdings under ORS 316.162, a person must have been considered to have been an 'employer.' In addition, the person must have been in a position to pay the withholdings or direct the payment of the withholdings at the time the duty arose to withhold or pay over the taxes. Additionally, the person must have been aware, or have been in a position that should have been aware, that the withholdings were not paid to the department. An employer cannot avoid personal liability by delegating their responsibilities to another."

The rule defines an employer as "an officer, member or employee of a corporation, partnership or other business entity, if, among other duties, that individual has (a) The power or authority to see that the withholding taxes are paid when due; * * * * * (e) Authority to sign or co sign checks; [or] (f) Authority to compute and sign payroll tax reports[.]" OAR 150-316.162(3)(2). The rule also lists factors that "do not preclude a finding that the individual is liable for the payment of taxes which were required to be withheld" including, "[w]hether the failure to pay over the required withholding was willful[,]" "[w]hether the individual received remuneration[,]" and whether "[t]he department considers another individual liable for the same withholding taxes." OAR 150-316.162(3)(3)(a)-(b),(d). When determining if a person is an employer within the meaning of ORS 316.162 the court has looked to see if the individual had the "requisite authority and control in form and substance within the corporate structure to order the payment of or pay the corporate tax." *McCormick v. Dept. of Rev.*, 10 OTR 380, 385 (1987).

Plaintiff and Shelton both testified that Plaintiff was only an employee and that the owner of XS, Warkel, may have been trying to take money from XS while ignoring other obligations, including withholding taxes. Plaintiff's and Shelton's testimony suggested that Warkel may be liable for unpaid withholding as an "employer" under ORS 316.162. However, Plaintiff offered little to no testimony or evidence describing his own duties at XS.

Southwell introduced evidence of past interactions between Plaintiff and Defendant. That evidence included call notes, a combined employer's registration form, annual withholding tax reconciliation forms, power of attorney forms, and an XS check signed by Plaintiff. Plaintiff pointed out possible inconsistencies in some of those documents, but did not offer any evidence beyond his own testimony that the documents were inaccurate. Without supporting documents or other evidence, Plaintiff's testimony is afforded little weight.

Plaintiff is listed on the combined employer's registration form in the section for "owners, partners, corporate officers, etc." Plaintiff signed withholding tax reconciliation reports for 2008, 2009, 2010, and 2011. Plaintiff did not provide any evidence, beyond his testimony, that the signatures on those forms were not his own. Defendant's call log notes show that Plaintiff was directly involved in the payment of withholding taxes for 2006 and 2007. Plaintiff also signed a check on behalf of XS in 2009. Plaintiff provided no evidence to support his claims that the signatures were not his or that the forms were prepared without his knowledge. The call logs establish that Plaintiff had been aware of, and involved in, the payment of withholding tax for XS since at least the fourth quarter of 2006. Plaintiff's testimony that Warkel was responsible for the payment of withholding tax does not relieve Plaintiff of liability. OAR 150-316.162(3)(3)(d). ORS 316.207(5)(a) states that "[m]ore than one officer or employee of a corporation may be held jointly and severally liable for payment of withheld taxes."

Although Warkel may also be liable for the withholding tax, that does not absolve Plaintiff of liability.

Plaintiff did not provide any evidence to rebut Defendant's evidence that Plaintiff was a member of XS and that Plaintiff had "[t]he power or authority to see that the withholding taxes [were] paid when due," or that he did not have "[a]uthority to compute and sign payroll tax reports." OAR 150-316.162(3)(2)(a),(f). Plaintiff also did not provide any evidence beyond his own testimony that he was "relieved of his duties" in October 2012. If Plaintiff's relationship with XS was terminated in October of 2012, Plaintiff may not have been an "employer" as defined by the statute and rule for the fourth quarter of 2012. However, Plaintiff's unsupported testimony is insufficient to meet his burden of proof.

The evidence presented indicates that Plaintiff had the requisite authority in both form and substance to pay the withholding tax and he was, therefore, an "employer" under OAR 150-316.162(3)(2). The court concludes that Plaintiff is liable for the withholding tax of XS under ORS 316.162(3)(b) and OAR 150-316.162(3)(2) during the third and fourth quarters of 2012. The potential liability of other individuals, specifically Warkel, has no bearing on Plaintiff's liability.

### III. CONCLUSION

Based on the evidence and testimony presented, Plaintiff is personally liable for the withholding taxes of XS Cars and Trucks LLC for the third and fourth quarters of the 2012 tax year. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of December 2014.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on December 2, 2014. The court filed and entered this document on December 2, 2014.*